IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2008 FEB 13  AM 10: 34
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
       DEPUTY

| | |
|---|---|
| **FREE MARKET FOUNDATION, AMERICAN CIVIL LIBERTIES UNION OF TEXAS, TEXAS EAGLE FORUM PAC, KELLY SHACKELFORD, DAVID BROILES,**<br><br>         Plaintiffs,<br><br>v.<br><br>**DAVID A. REISMAN, in his official capacity as Executive Director of the Texas Ethics Commission; RAYMOND R. DAVENPORT, III, WILHELMINA DELCO, ROSS FISCHER, JIM GRAHAM, TOM HARRISON, PAULA M. MENDOZA, DAVID MONTAGNE, NICHOLAS C. TAYLOR, in their official capacity as members of the Texas Ethics Commission; JOHN R. ROACH, in his official capacity as District Attorney for Collin County, Texas and as a representative of the class of District and County Attorneys in the state of Texas,**<br><br>         Defendants. | Case No. _____<br><br>**A08CA116 SS**<br><br>DECLARATORY AND INJUNCTIVE RELIEF SOUGHT |

### COMPLAINT

Plaintiffs file this Complaint for declaratory and permanent injunctive relief, and hereby allege as follows:

### PRELIMINARY STATEMENT

1.      Few political decisions in Austin are more impactful on the daily lives of Texans than the biennial election of the Speaker of the Texas House of Representatives. The Speaker controls the legislative calendar, appoints committee chairmen, and enjoys broad authority to set the agenda for lawmaking in the State of Texas.

2. The selection of the next Speaker will be more hotly contested than at any time in recent memory, following the dramatic and tumultuous 2007 legislative session. This contest for control of the Speakership will not just be fought at the opening of the 2009 session. Because the Speaker is elected by all 150 members of the House, the battle is already being waged today, in anticipation of the March 4 primary elections for House seats across the State.

3. Every citizen in Texas has a constitutional right to participate—both individually and collectively—in this profoundly important political process. This includes participating in both the March 4 primary election and the November general election for seats in the House, as well as in the Speaker selection process itself, by expressing to neighbors, colleagues, and candidates for office, as well as to their elected representatives in Austin, who the next Speaker should be.

4. Yet State law effectively expels ordinary Texans from participating in this discussion in any meaningful manner. First and foremost, Tex. Gov't Code § 302.017 categorically prohibits any "organization" or "group of persons" from expending *anything* of value, either "directly or indirectly," to "aid or defeat the election of a speaker candidate." As a result, no two people working together may spend a single penny in order to express their views on, and thereby influence, the election of the Speaker in any way—whether through contributions to candidates, or by making expenditures independent of any campaign. In addition, Tex. Gov't Code § 302.019 establishes a near-categorical ban on individuals from expending resources to directly influence the election of the Speaker. Section 302.019 does allow individuals to make contributions to candidates for Speaker. But with minor exception, the statute does not permit individuals to participate in the selection process *directly* by making expenditures, independent of a particular candidate, to influence the election of the Speaker.

5. Texas is the only state in the country that forbids ordinary citizens and grass roots organizations alike from meaningfully participating in the process for determining control of the

2

Speakership. What's more, these laws apply right now—in the weeks and months leading up to the March 4 primary election and November general election for membership in the Texas House of Representatives—as well as during the election for the Speakership itself.

6. These laws are a striking assault on popular sovereignty and violate the First and Fourteenth Amendments of the United States Constitution in numerous ways. They deprive Texans of the right to engage in free speech about, and the right to directly petition, our representatives in Austin. They infringe upon our fundamental right to associate with fellow citizens for purposes of engaging in political expression and advocacy. And they offend equal protection by distorting the political process against ordinary Texans and grass roots organizations, and in favor of those few individuals who already enjoy influence with our representatives in Austin and thus need not pool their resources with others in order for their voices to be heard. These statutes impose restrictions on political expression and association based on classifications that are not narrowly tailored to serve any compelling governmental interest (indeed, they bear *no* relation to any legitimate governmental objective). For these reasons, this Court should immediately enjoin enforcement of these laws in anticipation of the upcoming March 4 primary election.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this suit pursuant to 28 U.S.C. §§ 1331 and 1343. This civil action arises under the First and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983. Plaintiffs seek a declaration of their rights in this case of actual controversy within the Court's jurisdiction pursuant to 28 U.S.C. §§ 2201-02.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b). All Defendants reside in Texas. The Texas Ethics Commission is located in this judicial district, and the Executive Director and members of the Commission perform their official duties in this district. In addition, a substantial part of the events giving rise to this claim occurred in this district.

## PARTIES

9.     Plaintiff Free Market Foundation is an incorporated non-profit 501(c)(3) organization dedicated to protecting freedoms and strengthening families in part through legislative lobbying efforts in Texas and nationwide. Free Market is a public policy advocacy organization that participates extensively in the legislative process and produces over seven million voter guides each election cycle. Its headquarters are located at 903 East 18th Street, Suite 230, Plano, Texas 75074. Free Market intends to immediately engage in legislative advocacy that includes making expenditures uncoordinated with any candidate for office that may aid or defeat the election of particular Speaker candidates. Among other activities, Free Market intends to spend money to tell citizens to contact their Representatives and encourage them to vote for the Speaker candidate that Free Market believes will best represent its values and principles. Free Market plans to engage in these same activities in future Speaker's races as well.

10.     Plaintiff American Civil Liberties Union of Texas ("ACLU of Texas") is the Texas affiliate of the American Civil Liberties Union. The ACLU of Texas is an incorporated non-profit 501(c)(4) organization dedicated to protecting civil rights and individual liberties in Texas in part through legislative lobbying efforts, and has its headquarters at 1210 Rosewood Avenue, Austin, Texas 78702. Although the ACLU of Texas frequently takes positions on public issues of significance to the organization and its members, it never supports or opposes any candidate for political office. Such action would be fundamentally inconsistent with the ACLU of Texas's mission and identity as a nonpartisan organization. The ACLU of Texas has over 17,000 members, however, some of whom plan to make uncoordinated independent expenditures such as special mailings or pamphlets in excess of $100, and to petition state representatives. These activities will be aimed at aiding or defeating the election of particular Speaker candidates in the current and future races. Although the ACLU of Texas itself has no intention of expressing support or

opposition to any Speaker candidate, it fully supports the right of its members and the general public to do so. The ACLU of Texas thus asserts the standing of its membership in this case.

11. Plaintiff Texas Eagle Forum PAC is an unincorporated organization dedicated to, among other things, enabling participation in the process of self-government and public policy-making through supporting or opposing candidates for public office. Its headquarters are located at 5833 Portsmouth, Dallas, Texas 75252. Texas Eagle Forum intends to immediately participate in the House Speaker's race by making monetary contributions to one or more Speaker candidates, making uncoordinated independent expenditures expressly advocating for the election or defeat of particular Speaker candidates, making expenditures to advocate for the election or defeat of particular candidates for membership in the Texas House based on who those individuals support for Speaker, and expending funds to petition state representatives to aid or defeat the election of particular Speaker candidates. Texas Eagle Forum plans to engage in these same activities in future Speaker's races as well.[1]

12. Plaintiff Kelly Shackelford is an individual who resides in Allen, Texas. Mr. Shackelford is the President of the Free Market Foundation and Chief Counsel of its legal division. Acting as an individual, and independent of the Free Market Foundation, he intends to immediately participate in the House Speaker's race by petitioning state representatives and making uncoordinated independent expenditures including special mailings or pamphlets in excess of $100. These activities will be aimed at aiding or defeating the election of particular Speaker candidates. Mr. Shackelford also intends to coordinate expenditures with other individuals for the purpose of aiding or defeating particular Speaker candidates. He plans to participate in these same activities in subsequent Speaker's races.

---

[1] Whenever this Complaint refers generically to "Plaintiffs" engaging in a particular activity, it is not referring to any organizational plaintiff for whom the activity is not permitted under applicable federal law.

5

13. Plaintiff David Broiles is an individual who resides in Fort Worth, Texas. Mr. Broiles is a member of the ACLU of Texas and serves as its Vice President for Legal. Acting as an individual, and independent of the ACLU of Texas, he intends to immediately participate in the House Speaker's race by petitioning state representatives and making uncoordinated independent expenditures including special mailings or pamphlets in excess of $100. These activities will be aimed at aiding or defeating the election of particular Speaker candidates. Mr. Broiles also intends to coordinate expenditures with other individuals for the purpose of aiding or defeating particular Speaker candidates. He plans to participate in these same activities in subsequent Speaker's races.

14. Defendants David A. Reisman, Raymond R. Davenport, III, Wilhelmina Delco, Ross Fischer, Jim Graham, Tom Harrison, Paula M. Mendoza, David Montagne, and Nicholas C. Taylor are, respectively, the Executive Director and members of the Texas Ethics Commission, which is located at 201 East 14th St., 10th Floor, Austin, Texas 78701. The Texas Ethics Commission has the ultimate authority to administer and enforce the statutory provisions at issue in this case, including initiating civil enforcement actions or referring matters to the appropriate prosecuting attorney for criminal prosecution. These individuals are sued in their official capacity.

15. Defendant John R. Roach, District Attorney for Collin County, Texas is sued in his official capacity as representative of the class of District and County Attorneys in Texas. District and County Attorneys may criminally prosecute violations of the statutes at issue in this case. Tex. Gov't Code § 571.171. The District and County Attorneys constitute a proper class because they are so numerous that joinder of all the members of the class is impracticable, there are questions of law common to the members of the class, the defenses of the class representative are typical of the defenses of the entire class, and the representative party will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Furthermore, separate actions against individual District and County Attorneys would create a risk of inconsistent or varying adjudications with

respect to individual members of the class, which would establish incompatible standards of conduct for the Plaintiffs, or it would create a risk of adjudications with respect to individual District and County Attorneys, which would as a practical matter be dispositive of the interests of the other class members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Fed. R. Civ. P. 23(b)(1). The class action may also be maintained because the Plaintiffs have acted on grounds generally applicable to the class, thereby making final declaratory and injunctive relief appropriate with respect to the class as a whole. Fed. R. Civ. P. 23(b)(2). Finally, the class is appropriate because the questions of law and fact that are common to the class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3).

## FACTS

16.     As the presiding officer of the Texas House of Representatives, the Speaker is one of the most powerful and influential political figures in the state. The powers of the Speaker are rooted in the Texas Constitution as well as the House Rules of Procedure. The Constitution authorizes the House of Representatives to determine its own procedural rules, Tex. Const. art. III, § 11, and the House Rules of Procedure confer great powers upon the Speaker. Under the House Rules, the Speaker maintains order during floor debates, including recognizing legislators who wish to speak and ruling on procedural questions. House Rule 1, § 9, 80th Leg. (Tex. 2007); House Rule 5, § 24. These rules authorize the Speaker to dictate the flow of legislation. House Rule 1, § 4. They empower the Speaker to appoint members of all standing House committees, and to designate the chair and vice-chair of each committee. House Rule 1, § 15; House Rule 4, § 2. The rules further empower the Speaker to refer proposed legislation to committee. House Rule 1, § 4. In addition, the Speaker enjoys considerable discretion to steer particular legislation to a specific

7

committee in order to achieve a desired outcome, notwithstanding committee jurisdictional rules. *Id.* The Speaker also has the constitutional duty to sign all bills and joint resolutions passed by the Legislature. Tex. Const. art. III, § 38. Finally, the Speaker serves as a member of several influential government boards and committees, including the Legislative Budget Board, which develops budget and policy recommendations for legislative appropriations for all state agencies and provides fiscal analyses for proposed legislation, as well as the Legislative Redistricting Board, which draws House and Senate district lines in the event that the Legislature fails to pass redistricting legislation, or if a redistricting scheme is held invalid by any court. Tex. Const. art. III, § 28; Tex. Gov't Code § 322.001.

17. The Texas Constitution requires the House of Representatives to choose one of its own members to serve as Speaker every two years, when the new legislature convenes. Tex. Const. art. III § 9. The legislature will next convene in January 2009, at which time the House will decide who to elect as Speaker. Several House members have already indicated their intentions to challenge the incumbent for the Speakership in 2009. Accordingly, the upcoming Speaker's race looks to be perhaps the most hotly contested in Texas history.

18. Although the election for Speaker will not take place until the House convenes in January 2009, the Speaker contest is already affecting the March 4 primary election and the November general election for House seats statewide. Whether supporters and opponents of the incumbent Speaker can hold their seats or increase their margins in the House will directly influence whether or not he is re-elected to the Speakership next year.

19. All citizens of Texas have a constitutional right to participate in this historic Speaker's race. The First and Fourteenth Amendments to the United States Constitution protect their fundamental right to participate in the political process by expressing direct and indirect support or opposition for a Speaker candidate. Texans, both individually and collectively, are

constitutionally permitted to express their position on the Speaker's race by, among other things, sending letters, printing and distributing leaflets, publishing newspaper and other media ads, contributing money, lobbying candidates and representatives in Austin both directly and indirectly, or simply talking to friends and neighbors.

20. Despite these fundamental constitutional rights, Texas law expels citizens from participating in this important political process in any significant manner. Specifically, Texas law categorically prohibits any organization or group of persons from contributing or expending anything of value in order to influence the election of the Speaker. Tex. Gov't Code § 302.017. In addition, Texas law establishes a near-categorical prohibition on individuals (other than the candidates for Speaker themselves) from expending any resources whatsoever to directly influence the election. An individual may participate *indirectly* in the election by contributing any amount to a candidate for Speaker. But he or she may not use funds to speak on his or her own in order to influence the election for Speaker, with just two narrow exceptions: (1) an individual may spend no more than $100 on "correspondence," Tex. Gov't Code § 302.019(b), and (2) an individual may expend his or her personal time and labor to influence directly the Speaker's race, Tex. Gov't Code § 302.019(a).

21. Unless this Court enjoins enforcement of these statutes, it will be impossible for Plaintiffs to communicate with even a small fraction of Texas voters. First and foremost, no two people working together may spend *a single penny* in order to express their views on, and thereby influence, the election of the Speaker in any way—whether through contributions to candidates, or by making expenditures independent of any campaign. In addition, once an individual has expended $100 for correspondence, that individual is prohibited from engaging in any additional correspondence expressing any views concerning the election of a Speaker. Moreover, individuals are completely prohibited from making any expenditure to utilize any other medium for

communication regarding the election of a speaker candidate, no matter how trivial the expense. These restrictions on Plaintiffs' ability to spend money in the Speaker's race make it effectively impossible for them to engage in speech in this context.

## REVIEW OF TEXAS STATUTES

22. Section 302.017 of the Texas Government Code prohibits any organization or group of persons from making any contributions *or* expenditures to influence the election of the Speaker. That section reads:

> **Tex. Gov't Code § 302.017. Contributions and Loans from Organizations**
>
> (a) Except as provided by Subsection (b), a corporation, partnership, association, firm, union, foundation, committee, club, or other organization or group of persons may not contribute or lend or promise to contribute or lend money or other things of value to a speaker candidate or to any other person, directly or indirectly, to aid or defeat the election of a speaker candidate.
>
> (b) This section does not apply to a loan made in the due course of business to a speaker candidate for campaign purposes by a corporation that is legally engaged in the business of lending money and that has continuously conducted the business for more than one year before making the loan to the speaker candidate.

This broad prohibition on organizational activity reaches independent expenditures as well as contributions to Speaker candidates. It plainly bans *contributions* because it expressly states that groups "may not contribute . . . money or other things of value *to* a speaker candidate" (emphasis added). It also prohibits *independent expenditures* because it forbids contributions, not only to a speaker candidate, but also "to *any other* person, directly or indirectly, to aid or defeat the election of a speaker candidate" (emphasis added).

23. Section 302.019 of the Texas Government Code imposes a near-categorical prohibition on individuals wishing to directly influence the election for Speaker. It states:

> **Tex. Gov't Code § 302.019. Individual Contributions; Campaign Expenditures**
>
> (a) Except as provided by Section 302.017 or 302.018, an individual other than the speaker candidate may contribute personal services and traveling expenses to aid or defeat a speaker candidate.

10

>   (b) An individual other than the speaker candidate may expend a total of not more than $100 for the cost of correspondence to aid or defeat the election of a speaker candidate.
>
>   (c) Except as provided by Subsections (a) and (b), all campaign expenditures must be made by the speaker candidate from campaign funds.

Section 302.019 allows individuals to *contribute* any amount to a Speaker candidate. But individuals may not participate directly in the process by making *independent expenditures*, outside of the two narrow exceptions provided. Individuals may only spend up to $100 for correspondence (§ 302.019(b)), and may provide "personal services or traveling expenses" (§ 302.019(a)).

24.  In sum, Texas law imposes three broad prohibitions relating to any conduct intended to influence the election for Speaker, including conduct during the primary and general election cycle for membership in the Texas House of Representatives: (1) a complete ban on contributions to Speaker candidates from any organization or group, (2) a complete ban on independent expenditures designed to aid or defeat a Speaker candidate by any organization or group, and (3) a near-complete ban on independent expenditures by any individual.

25.  A violation of any of these statutory prohibitions is a Class A misdemeanor criminal offense, punishable by up to one year in jail and a $4,000 fine. Tex. Penal Code § 12.21.

## CLAIMS FOR RELIEF

### COUNT I:  Freedom of Speech

26.  Plaintiffs repeat and reallege each and every allegation contained in the above paragraphs as if fully set forth herein.

27.  The First Amendment of the United States Constitution, applicable to the States under the Fourteenth Amendment, protects the rights of both individuals and groups to engage in political speech. Both contributions to political candidates and independent expenditures intended to aid or defeat a candidate constitute protected political speech within the meaning of the First

11

Amendment. Laws restricting political speech implicate core First Amendment freedoms and must be narrowly tailored to serve a compelling governmental interest.

28. Both Sections 302.017(a) and 302.019 of the Texas Government Code unconstitutionally restrict Plaintiffs' freedom to speak on political issues.

29. Section 302.017(a) constitutes a wholesale prohibition on any group of persons from jointly participating in the political process for selecting a new Speaker, either through contributions or independent expenditures. This is the antithesis of narrow tailoring. It represents the broadest possible restriction on the political speech of groups and organizations. Accordingly, Section 302.017(a) violates the First Amendment speech rights of groups and organizations.

30. Section 302.019 constitutes a near-categorical ban on individuals from making independent expenditures in order to influence a Speaker's race. Individuals are restricted to making independent expenditures in the form of personal services and travel expenses, and $100 in correspondence. This arbitrary and extreme limitation on the protected political speech of individuals does not further any compelling governmental interest, nor is it narrowly tailored. Accordingly, Section 302.019 violates the First Amendment speech rights of individuals.

### COUNT II: Right to Petition

31. Plaintiffs repeat and reallege each and every allegation contained in the above paragraphs as if fully set forth herein.

32. The First Amendment, applicable to the States under the Fourteenth Amendment, protects the rights of both individuals and groups to petition their government. This right includes expressive activity aimed at legislators with the goal of encouraging them to take a particular official governmental action. The right to petition legislative representatives through political speech is a fundamental liberty protected by the First Amendment against government intrusion.

33. Both Sections 302.017(a) and 302.019 of the Texas Government Code violate the right to petition guaranteed by the First Amendment. Section 302.017(a) denies Texas citizens an opportunity to work with others to encourage their representatives in Austin to support or oppose particular candidates in the Speaker election, by prohibiting groups of persons from either making independent expenditures or contributing to candidates. As noted, Section 302.019 prohibits individual Texans from making independent expenditures other than personal services and travel expenses, and $100 in correspondence, to influence the Speaker's race. Aside from these two minor exceptions, individual Texans are banned from directly or indirectly petitioning their state representatives to support or oppose particular candidates in the Speaker's election.

## COUNT III: Right of Association

34. Plaintiffs repeat and reallege each and every allegation contained in the above paragraphs as if fully set forth herein.

35. The right of association is an implied right guaranteed by the First Amendment's protection of free speech and the right to petition. The First Amendment protects political association, and restrictions on that freedom must be narrowly drawn to avoid an unnecessary abridgement of associational rights. The right to associate includes the right to be free from compelled expression or association.

36. Sections 302.017(a) and 302.019 of the Texas Government Code violate the right of association under the First Amendment in at least three ways.

37. First, Section 302.017(a) violates the associational rights of groups and organizations. Under 302.017(a), groups and organizations are prohibited from supporting a Speaker candidate "directly or indirectly" through contributions or independent expenditures. Groups and organizations are thus entirely banned from associating themselves with any particular

13

Speaker candidate. This prohibition violates the First Amendment right of groups and organizations to freely associate with a particular candidate in the Speaker's race.

38. Second, Section 302.017(a) violates the associational rights of individuals. Section 302.017 prevents individuals from joining together to make collective contributions or independent expenditures in the Speaker's race. This complete ban on organizational participation in the Speaker's race is an unconstitutional elimination of individuals' rights under the First Amendment to associate with each other for the purpose of political speech and activity.

39. Finally, Section 302.019 violates the associational rights of individuals. Because Section 302.019 permits only independent expenditures in the form of personal services and travel expenses, and $100 in correspondence, it requires individuals who seek to participate meaningfully in the Speaker's race to do so through contributions to a particular candidate. Individuals who desire to participate meaningfully are thus compelled to associate with a particular candidate. Such compelled association violates the individuals' associational rights under the First Amendment.

## COUNT IV: Equal Protection

40. Plaintiffs repeat and reallege each and every allegation contained in the above paragraphs as if fully set forth herein.

41. The Equal Protection Clause of the Fourteenth Amendment forbids states from drawing classifications that impinge upon fundamental rights—including the First Amendment right of free speech, the right to petition, and the right of association—unless the classification is narrowly tailored to serve a compelling government interest.

42. Sections 302.017(a) and 302.019 violate the Equal Protection Clause. Section 302.017(a) completely prohibits groups from making political contributions or independent expenditures of *any* amount in the Speaker's race. In stark contrast, Section 302.019 permits *unlimited* contributions from individuals. As a result, these statutes draw a classification between

groups and individuals that implicates a number of fundamental rights, including freedom of speech, the right to petition the government, and the right of political association. This classification is not narrowly tailored to serve any compelling government interest.

43. The practical effect of these statutes is to ban political grass roots organizations from participating in the Speaker's race altogether, while encouraging individuals to contribute as much money as they would like to a particular candidate. This classification benefits well-connected individuals who do not need to pool their resources with others in order to gain political influence with officials in Austin. By contrast, ordinary Texans are prohibited from working together in order to ensure that their voices are heard. This complete ban on group contributions and expenditures, compared with the allowance of unlimited individual contributions, furthers no compelling government interest and thus violates the Equal Protection Clause.

## PERMANENT INJUNCTIVE RELIEF

44. Plaintiffs repeat and reallege each and every allegation contained in the above paragraphs as if fully set forth herein.

45. Sections 302.017(a) and 302.019 of the Texas Government Code have deprived, and will continue to deprive, Plaintiffs of their fundamental rights protected by the First and Fourteenth Amendments. Money damages cannot adequately compensate these constitutional injuries and, absent injunctive relief, the injuries will be irreparable. Accordingly, appropriate injunctive relief and a declaration of the unconstitutionality of the statutes are necessary.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs respectfully request that this Court:

A. Enter Judgment in Plaintiffs' favor;

B. Declare that Sections 302.017(a) and 302.019 of the Texas Government Code violate the First and Fourteenth Amendments of the United States Constitution;

  C. Permanently enjoin Defendants from giving effect to Sections 302.017(a) and 302.019 of the Texas Government Code, including implementing and enforcing their requirements;

  D. Award Plaintiffs reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

  E. Grant such additional relief as the Court may deem appropriate.

Dated: February 13, 2008

Respectfully submitted,

By: _____
James C. Ho (Texas Bar No. 24052766)
Lawrence J.C. VanDyke (DC Bar No. 498626)
Gavin S. Martinson (Texas Bar No. 24060231)
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, Texas 75201
Telephone: (214) 698-3100
Facsimile: (214) 571-2900

*Lead Counsel for Plaintiffs*

Hiram S. Sasser III (Texas Bar No. 24039157)
LIBERTY LEGAL INSTITUTE
903 E. 18th Street, Suite 230
Plano, Texas 75074
Telephone: (972) 423-3131
Facsimile: (972) 423-6570

*Of Counsel to Plaintiffs Free Market Foundation, Texas Eagle Forum PAC, and Kelly Shackelford*

Lisa Graybill (Texas Bar No. 24054454)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF TEXAS
1210 Rosewood Avenue
Austin, Texas 78702
Telephone: (512) 478-7300
Facsimile: (512) 478-7303

*Of Counsel to Plaintiffs American Civil Liberties Union of Texas and David Broiles*